Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

State and ____ District of __Maine__

__BANGOR__ | Division

**JURY TRIAL DEMANDED**

)    Case No. _____
)
__Joseph Edward Bovin Belskis__    )    *(to be filled in by the Clerk's Office)*
)
*Plaintiff(s)*    )
*(Write the full name of each plaintiff who is filing this complaint.*    )
*If the names of all the plaintiffs cannot fit in the space above,*    )
*please write "see attached" in the space and attach an additional*    )
*page with the full list of names.)*    )
-v-    )
)
)
)
__See attached__    )
)
*Defendant(s)*    )
*(Write the full name of each defendant who is being sued. If the*    )
*names of all the defendants cannot fit in the space above, please*    )
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

KHAN, ERIK 66770051

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Joseph Edward Bovin Belskis |
| All other names by which you have been known: | N/A |
| ID Number | 11107-036 |
| Current Institution | BOP Community Corrections Halfway House Pharos House |
| Address | 5 Grant St |
| | Portland      ME.    04101 |
| | *City*     *State*    *Zip Code* |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | David Ortiz |
| Job or Title *(if known)* | Warden |
| Shield Number | Unknown |
| Employer | Federal Bureau of Prisons |
| Address | P.O. Box 38 |
| | Joint Base MDL    NJ    08640 |
| | *City*     *State*    *Zip Code* |

[XX] Individual capacity    [ ] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | FNU Kodger, M.D. |
| Job or Title *(if known)* | Associate Warden |
| Shield Number | Unknown |
| Employer | Federal Bureau of Prisons |
| Address | P.O. Box 38 |
| | Joint Base MDL    NJ    08640 |
| | *City*     *State*    *Zip Code* |

[XX] Individual capacity    [ ] Official capacity

KHAN, ERIK 66770051

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Carl Sceusa, M.D. |
| Job or Title *(if known)* | Medical/Clinical Director |
| Shield Number | Unknown |
| Employer | Federal Bureau of Prisons |
| Address | P.O. Box 38 |
| | Joint Base MDL     NJ     08640 |
| | *City*       *State*      *Zip Code* |

[XX] Individual capacity     [ ] Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Barry A. Wisler, D.P.M. |
| Job or Title *(if known)* | Podiatrist |
| Shield Number | N/A |
| Employer | County Podiatry Associates |
| Address | 1773 Kuser Road |
| | Hamilton Twp.     NJ     08690 |
| | *City*       *State*      *Zip Code* |

[XX] Individual capacity     [ ] Official capacity

*See attached for further Defendants*

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[X] Federal officials (a *Bivens* claim)      X   Federal Tort Claims Act

[ ] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

N/A

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

KHAN, ERIK 66770051

Eighth Amendment for Deliberate Indifference to Serious Medical Needs. Supplemental claim under Federal Tort Claims Act for Medical Malpractice and Negligence of United States Employees.

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Each and every defendant named acted under color of federal law in that Belskis was a federal prisoner and the defendants were charged with his care and safe-keeping during that confinement.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☐   Convicted and sentenced state prisoner

☒   Convicted and sentenced federal prisoner

☐   Other *(explain)*  _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose. On or about July 1, 2018 and up to and including October 15, 2019, all events occurred within the confines of the Federal Correctional Institution at Fort Dix.

KHAN, ERIK 66770051

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.     What date and approximate time did the events giving rise to your claim(s) occur?

August 7, 2019

D.     What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

See attached

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

```
Increased risk of further amputations
Extreme pain in feet and legs
Ankle inversion
Bipedal instability
Diabetic Foot Ulcers
```

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

```
Belskis respectfully requests money damages in an amount sufficient to care for
his increased risk of permanent disability in an amount not less than $5,000,000
for compensatory and punitive damages.
```

KHAN, ERIK  66770051

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Federal Correctional Institution at Fort Dix, New Jersey

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Each and every claim regarding footwear and increased injury were raised numerous times and fully exhausted pursuant to the Bureau of Prisons Administrative Remedy Program. Further a formal FTCA claim was filed with the Northeast Regional office of the Federal Bureau of Prisons

KHAN, ERIK 66770051

Page 6 of 11

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Federal Correctional Institution at Fort Dix Northeast Regional office of the Federal Bureau of Prisons.

Central Office of the Federal Bureau of Prisons.

2.    What did you claim in your grievance?

Belskis required proper orthotics and shoes to properly walk and was not being given appropriate medical care.

3.    What was the result, if any?

Denials.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Belskis appealed to all levels of the administrative remedy process.

KHAN, ERIK 66770051

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

N/A

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

KHAN, ERIK 66770051

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

[XX] Yes

[ ] No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   Joseph Edward Bovin Belskis

Defendant(s)   Somerset County, David Allen, Alyah Munn, Corey Swope, Mary Patterson, Robert Ellis, et al

2.   Court *(if federal court, name the district; if state court, name the county and State)*

District of Maine

3.   Docket or index number

1:15-CV-00091-JAW

4.   Name of Judge assigned to your case

John A. Woodcock, Jr.

5.   Approximate date of filing lawsuit

March 6, 2015

6.   Is the case still pending?

[ ] Yes

[X] No

If no, give the approximate date of disposition.

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Settled.

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

KHAN, ERIK 66770051

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.   What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

_____

KHAN, ERIK  66770051

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff    Joseph Edward Bovin Belskis

Prison Identification #

Prison Address

City        State        Zip Code

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City        State        Zip Code

Telephone Number

E-mail Address

KHAN, ERIK 66770051

List of Defendants
for Caption

David Ortiz
FNU Kodger, M.D.
Carl Sceusa, M.D.
Barry Wisler, D.P.M.
FNU Haczynski
Kevin Cassano
Nicoletta Turner-Foster, M.D.
Pradeep Patel, M.D.
Vicente Elias, N.P.
United States of America

Continuation of B. The Defendant(s)

Defendant No. 5
    Name:  FNU Haczynski
    Job Title:  Health Services Administrator
    Shield No.:  Unknown
    Employer:  Federal Bureau of Prisons
    Address:  P.O. Box 38
            Joint Base MDl    NJ    08640

Defendant No. 6
    Name:  Kevin Cassano
    Job Title: Assistant Health Services Administrator
    Shield No.:  Unknown
    Employer:  Federal Bureau of Prisons
    Address:  P.O. Box 38
            Joint Base MDL,    NJ    08640

Defendant No. 7
    Name:  Nicoletta Turner-Foster, M.D.
    Job Title: Medical Director
    Shield No.:  Unknown
    Employer:  Federal Bureau of Prisons
    Address: P.O. Box 38
            Joint Base MDL,    NJ    08640

Defendant No. 8
    Name:  Pradeep Patel, M.D.
    Job Title:  Physician
    Shield No.:  Unknown
    Employer:  Federal Bureau of Prisons
    Address:  P.O. Box 38
            Joint Base MDL,    NJ    08640

Defendant No. 9
    Name:  Vicente Elias, N.P.
    Job Title:  Mid-Level Provider
    Shield No.:  Unknown
    Employer: Federal Bureau of Prisons
    Address:  P.O. Box 38
            Joint Base MDL,    NJ    08640

Defendant No. 10
    United States of America
    Named for FTCA Claim.

-1-

Continuation of IV. Statement of Claim, D.

This claim arises out of Joseph Edward Bovin Belskis' unsuccessful attempts at receiving adequate medical care while in custody of the United States of America at the Federal Correctional Institution at Fort Dix located in the District of New Jersey. The following facts are lifted from a judicial opinion denying summary judgment following a complaint stemming from the same exact problems Mr. Belskis is experiencing at FCI Fort Dix.

Joseph Belskis is a diabetic with a history of lower extremity ischemic vascular disease including two prior toe amputations and a history of diabetic foot ulcers. Mr. Belskis arrived at the Somerset County Jail with a history of poorly controlled diabetes, peripheral vascular disease, and previous amputations of the left and right great toes. He also had a history of substance abuse. One of the foundations for the care of diabetes and prevention of the risks of development of other conditions is the close monitoring of the hemoglobin HgB A1C level.

...

Although Mr. Belskis had a chronic condition of diabetes, he had no active complications of diabetes. Specifically, there were no signs or symptoms of infection or loss of skin integrity;; Mr. Belskis requested and received a routine follow-up and monitoring for his insulin-dependant diabetes, including foot checks.... Mr. Belskis received long-acting insulin twice a day before breakfast and before bedtime, and he received insulin on an "as needed" basis during the first three daily visits depending on his insulin levels. Mr. Belskis' HgB A1C levels at the SCJ were markedly better than those at the ACJ.

...

Mr. Belskis did not complain about his feet until November 30, 2012. The Medpro records did not reveal any complaint about foot problems for Mr. Belskis until an oral complaint of November 30, 2012 and his written follow-up on December 1, 2012. On Friday, November 30, 2012, Mr. Belskis complained to a Medpro staff member about foot problems during a routine blood sugar check and he was advised to submit a medical slip. On Saturday, December 1, 2012, Mr. Belskis made out an IMR requesting to be seen by a doctor for diabetic footwear. Mr. Belskis submitted his December 1, 2012 IMR in response to the November 30, 2012 oral exchange with Medpro staff.

In his December 1, 2012 IMR form, Mr. Belskis described his "problem" as the need "to be seen by the [Doctor] for diabetic ulcer-proper diabetic footwear in [the SCJ] property [locker]...." Nurse Cates was not aware of Mr. Belskis' foot complaint until she returned for a full day of work on December 4, 2012. By the time Nurse Cates returned to work on December 4, 2012, another member of the nursing staff had already places Mr. Belskis on the next available sick call day - December 4 - and PA-C Ellis saw him that day.

-1-

On December 4, 2012, PA-C Ellis saw Mr. Belskis for the first time. PA-C Ellis observed that Mr. Belskis had evidence of a hyperkeraototic area consistent with a healing chronic ulcer on the plantar aspect of the right foot, first metatarsal, and two small areas of redness from shoe irritation, one on the right fifth toe. He demonstrated no signs of skin breakdowns and no signs of infection at that time.

[Belskis v. Somerset County, 2017 U.S. Dist. LEXIS 160517, *20-35 (internal citations removed; brackets in original].

The long of the short of it is that Belskis received an order from a physician stating that he was required to have special diabetic shoes and those shoes needed to be replaced on July 1, 2018.

Mr. Belskis reported to FCI Fort Dix Health Services Unit on May 7, 2018, and Dr. Carl Sceusa acknowledged that he would need a new pair of shoes on July 1, 2018. [See Medical Duty Status, issued by Carl Sceusa, M.D. on May 7, 2018 at 08:36 am (attached with medical record)]. Between July 1, 2018 and August 29, a 2019, Mr. Belskis has complained to a host of people that he has not been issued a new pair of **proper** offloading shoes that will fit his orthotic offloading supports that he is absolutely required to use so he can ambulate without further injury to his feet. The Health Services staff at FCI Fort Dix has refused to issue a proper pair of shoes.

On August 7, 2019, Mr. Belskis was called to the Health Services Unit and saw Dr. Whisler (a podiatrist employed by the Bureau of Prisons), whom issued Mr. Belskis a pair of diabetic shoes. However, the shoes were not intended for diabetics that have suffered multiple toe amputations. Thus, Mr. Belskis could not walk properly in them.

Since he could not walk properly in the shoes, he went back to the Health Services Unit five days later and explained to T. Haczynski, who is the Health Services Administrator at FCI Fort Dix, that the shoes were improper and that he could not walk properly in them. Mr. Haczynski refused to listen to Mr. Belskis and instead told him that he would take the shoes back and order him to wear the regular institution boots if he didn't like it. Throughout this time, Mr. Belskis complained innumerable times to: Mr. Ortiz, Dr. Sceusa, Dr. Whisler, Dr. Kodger, Mr. Haczynski, Mr. Cassano, Dr. Nicoletta Turner-Foster, Dr. Patel, and Mr. Elias.

Not only did it take over a year to get Mr. Belskis some sort of shoe, the shoe Health Services Staff got him, but they were the wrong shoes and in fact were causing Mr. Belskis to be in extreme pain since the shoes would not hold the orthotics properly.

-2-